■ In the Matter of WILMORITE, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [14 NYS3d 574]—

Lynch, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, among other things, denied petitioner's application for a refund of certain tax credits under Tax Law article 9-a.

Petitioner is a corporate entity that wholly owns a corporate entity known as Rocter Corporation. Rocter is the general partner in Rochwil Associates, a New York limited partnership that is engaged in real property development. In January 1992,

Rochwil entered into a payment in lieu of taxes (hereinafter PILOT) agreement with the County of Monroe Industrial Development Agency (hereinafter COMIDA), which governed Rochwil's interest in the property known as the Sibley Building located in the City of Rochester, Monroe County. Relevant to this dispute, the PILOT agreement provided that COMIDA would lease the Sibley Building to Rochwil and Rochwil was required to pay "an amount equal to 100% of the taxes, service charges, special ad valorem levies, or similar tax equivalents that [Rochwil] would be liable to pay if it were the owner of the Facility" (hereinafter referred to as the PILOT payments). In July 2002, Rochwil was certified as a Qualified Empire Zone Enterprise (hereinafter QEZE) (*see* General Municipal Law § 958; Tax Law § 15 [a]).

It is not disputed that petitioner, Rocter and Rochwil are separate entities and that in 2003, 2004 and 2005, the years at issue in this proceeding, Rochwil filed a separate tax return. It is also agreed that from 2002 to 2004, Rochwil did not make the PILOT payments to COMIDA. In 2003, 2004 and 2005, petitioner filed tax returns wherein it claimed a refund for unused QEZE tax credits for real property taxes that were reported by Rocter based upon its interest in Rochwil. After an audit was conducted in 2006, the Division of Taxation and Finance disallowed the requested credits. Following a hearing, an Administrative Law Judge upheld the determination as it applied to the QEZE credits for real property taxes and, after its review of petitioner's exceptions, respondent Tax Appeals Tribunal affirmed the determination. This proceeding ensued.

The primary issue presented in this proceeding is whether petitioner could claim a refund for unused QEZE real property tax credits that were reported by its subsidiary based on its partnership interest in Rochwil for PILOT payments that were not made. As the taxpayer seeking a tax credit, petitioner "bears the burden of establishing that such credit is unambiguously set forth in the statute" (*Matter of Golub Corp. v New York State Tax Appeals Trib.*, 116 AD3d 1261, 1262 [2014]; *see Matter of Piccolo v New York State Tax Appeals Trib.*, 108 AD3d 107, 112 [2013]). To meet this burden, petitioner must show that its " 'interpretation of the statute is not only plausible, but also that it is the only reasonable construction' " (*Matter of Piccolo v New York State Tax Appeals Trib.*, 108 AD3d at 112, quoting *Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166, 173 [1988]).

We cannot conclude that petitioner met its burden here. As a QEZE, Rochwil was entitled to a credit for eligible real prop-

erty taxes (*see* Tax Law former § 15 [a]),\* and it is not disputed that petitioner was entitled to seek such credit against its corporate franchise taxes during the years at issue (*see* Tax Law former § 210 [27]). As relevant to this dispute, the term "eligible real property taxes" includes both "taxes imposed on real property which is owned by the QEZE . . . provided such taxes become a lien on the real property" and "[PILOT payments] made by the QEZE to . . . a public benefit corporation" (Tax Law former § 15 [e]). Contrary to petitioner's claim, the plain and unambiguous language of the statute provides that real property taxes imposed are distinct from PILOT payments made, and where, as here, a QEZE does not own the property but is instead subject to a PILOT agreement with the property owner, the PILOT payments must be made in order to qualify for the credit provided by Tax Law former § 15 (e) (*see Matter of Golub Corp. v New York State Tax Appeals Trib.*, 116 AD3d at 1262). Accordingly, we find that the Tribunal's determination had a rational basis (*see Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y.*, 63 AD3d 1316, 1318 [2009]).

We are not persuaded by petitioner's characterization of the Tribunal's determination as a penalty against petitioner for conduct by an unrelated entity. As petitioner, not Rochwil, sought the credit for each of the tax years at issue, petitioner bore the burden of demonstrating that it was entitled to the credit (*see* Tax Law former § 210 [27] [b]). Upon receipt of petitioner's tax returns claiming the credit, respondent Commissioner of Taxation and Finance had the authority to certify whether petitioner was entitled to the requested refund (*see* Tax Law § 1086 [a]). Further, we reject petitioner's claim that the Division was barred by the statute of limitations to review the claim. Although the taxing agency must assess taxes within three years after a return is filed (*see* Tax Law § 1083 [a]; 26 USC § 6229 [a]), here, the issue is petitioner's claim for a credit, not a tax assessment against either petitioner, its subsidiary or Rochwil. In such a case, it is the request for a credit that triggers the Division's obligation to act on the request (*see* Tax Law §§ 1087, 1089).

We further reject petitioner's claim that federal laws governing partnerships provide that the Division was barred from disallowing petitioner's claim for a credit based on Rochwil's PILOT agreement. To this end, petitioner argues that, pursuant to the Internal Revenue Code, "the tax treatment of any partnership item (and the applicability of any penalty, addition

---

\* References to Tax Law former § 15 are to the statute as it was in effect from May 29, 2002 to April 11, 2005.

to tax, or additional amount which relates to an adjustment to a partnership item) shall be determined at the partnership level" (26 USC § 6221) and that, generally, a three-year statute of limitations applies to such partnership items (*see* 26 USC § 6229 [a]). Petitioner does not identify any analogous provision in state law that required the Division to determine Rochwil's entitlement to the credit prior to petitioner filing the return seeking the credit. Accordingly, although state law provides that, for purposes of those provisions regarding personal income taxes (*see* Tax Law art 22), "[a]ny term in [Tax Law article 22] shall have the same meaning as when used in a comparable context in the [Internal Revenue Code]" (Tax Law § 607 [a]), this provision fails to support petitioner's statute of limitations claim.

Petitioner's remaining contentions have been considered and are without merit.

Garry, J.P., Egan Jr. and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.